IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD OSCHWALD,

       Plaintiff,

vs.                               Civ. No. 04-667 ACT/DJS

FEDERAL EMERGENCY
MANAGEMENT AGENCY (FEMA),

       Defendant.

MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss and Memorandum in Support filed November 1, 2004. Docket No. 10. Defendant is seeking dismissal of Plaintiff's Complaint to Vacate an Arbitration Award ("Complaint") on the grounds that the Court lacks subject matter jurisdiction. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant's Motion is well taken and will be granted.

Background.

Plaintiff filed his Complaint on June 14, 2004. Docket No. 1. Plaintiff is seeking judicial review of an arbitrator's award of his claim for damages under the Cerro Grande Fire Assistance Act (Pub.L.106-246, Division C, Title 1, §§101-105). Plaintiff is an architect whose home was destroyed in May of 2000 as a result of the Cerro Grande fire. He received an award for his losses by the FEMA Director. He chose to have an arbitrator review the award for that portion which remains in

1

dispute, the value of his architectural drawings that were destroyed by the fire.  The arbitrator awarded Plaintiff the cost of reproduction of his drawings, in the amount of $29,376.00.  Plaintiff seeks to set aside this award

Legal standard.

Defendant moves to dismiss Plaintiff's claims pursuant to Fed.R.Civ. P. 12(b)(1).  Rule 12(b)(1) allows a defendant to move for dismissal on an action for lack of jurisdiction over the subject matter.  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156 (10th Cir. 1999).

Discussion.

The United States is immune from suit unless it consents to be used.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  The United States consents to suit only when Congress "unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity."  *United States v. Richman (In re Talbot),* 124 F.3d 1201, 1206 (10th Cir. 1997) *citing United States v. Nordic Village, Inc*., 503 U.S. 30, 33 (1992).   Plaintiff bears the burden of showing that a waiver of sovereign immunity exists for the action brought. *Aragon v. U.S*., 146 F.3d 819, 823 (10th Cir. 1998).

In his Complaint, Plaintiff asserts federal question jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1346.  These statutes do not waive sovereign immunity.  Section 28 U.S.C. §1331 grants to the district court broad subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States but does not include a waiver of sovereign immunity by the United States.  *State of New Mexico v. Regan*, 745 F.2d 1318, 1321 (10th Cir.

1984).

Section 28 U.S.C. 1346 is entitled "United States as defendant." Plaintiff does not cite to the section of the statute upon which he is relying. Nor does the Court find support for jurisdiction of this matter in 28 U.S.C. §1346. If Plaintiff is relying on 28 U.S.C. §1346(a)(2), the "Tucker Act," jurisdiction only exists for claims for money damages not exceeding $10,000. *Regan*, 745 F.2d at 1322. In this matter Plaintiff is seeking more than $10,000.

The Federal Arbitration Act, 9 U.S.C. §§1-16 does not waive Defendant's sovereign immunity. There is no express language in the Act as required by the Supreme Court. *U.S. v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). Finally, there is no clear and express waiver in the Cerro Grande Fire Assistance Act. To the contrary, the act provides that:

> "An election by an injured person to settle a claim through arbitration under this paragraph shall - (i) be binding; and (ii) preclude any exercise by the injured person of the right to judicial review of a claim described in subsection (i)." Pub.L. 106-246, Division C, Title I, §104(h)(3)(C)."

Similarly the regulations implementing the Act provide at 44 C.F.R. § 295.42(i) that: "The decision of the arbitrator will be final and binding on all parties and will not be subject to any administrative or judicial review."

In his Response, Plaintiff asserts that the Court should hear this matter on the grounds of "manifest disregard." "Manifest disregard of the law" by arbitrators is a judicially-created ground for vacating an arbitration award, which was introduced by the Supreme Court in *Wilko v. Swan*, 246 U.S. 427, 436-37 (1953). The cases cited by the Plaintiff discuss "manifest disregard," however, they do not hold that this exception to the Arbitration Act waives sovereign immunity. Nor has the Court

3

found any support for this assertion.

As this Court does not have subject matter jurisdiction of this matter, Plaintiff's Complaint

will be dismissed without prejudice.

**IT IS THEREFOR ORDERED** that Plaintiff's Complaint to Vacate an Arbitration

Award is dismissed without prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**

4