IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DONALD OSCHWALD,**

      Plaintiff,

vs.                                                    Civ. No. 04-667 ACT/DJS

**FEDERAL EMERGENCY**
**MANAGEMENT AGENCY (FEMA),**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** is before the Court on Plaintiff's Motion to Reconsider Memorandum Opinion and Order Dismissing Plaintiff's Complaint without Prejudice filed December 28, 2004. Docket No. 18. On December 14, 2004, the Court dismissed Plaintiff's lawsuit for lack of subject matter jurisdiction. Docket No. 17. Upon review of the pleadings and being otherwise advised, the Court finds that Plaintiff's Motion is not well taken and will be denied.

      <u>Background</u>.

      Plaintiff filed his Complaint on June 14, 2004. Docket No. 1. Plaintiff is seeking judicial review of an arbitrator's award of his claim for damages under the Cerro Grande Fire Assistance Act (Pub.L.106-246, Division C, Title 1, §§101-105) ("Act"). Plaintiff is an architect whose home was destroyed in May of 2000 as a result of the Cerro Grande fire. He received an award for his losses by the FEMA Director. He chose to have an arbitrator review the award for that portion which

remains in dispute, the value of his architectural drawings that were destroyed by the fire. The arbitrator awarded Plaintiff the cost of reproduction of his drawings, in the amount of $29,376.00. Plaintiff seeks to set aside this award

Legal standard.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002)(citing Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992)). Instead, if a motion is filed within ten days of entry of judgment, the motion is treated as a motion to alter or amend the judgment under Rule 59(e).[1] *Id*. A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to reflect newly discovered evidence. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting *Committee for the First Amendment* v. *Campbell*, 962 F.2d 1517, 1523 (10th Cir 1992)). Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to judgment. 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* §2810.1 at 127-28 (1995).    Alternatively, if the motion is filed more than ten days after entry of judgment it is considered a motion seeking relief from the judgment under Rule 60(b). *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990). Grounds warranting a motion to reconsider include:"(1) an intervening change in the controlling law,

---

[1] This matter was dismissed without prejudice for lack of jurisdiction. Thus a judgment was not entered. However, the same analysis applies. *Silver v. USA*, 1999 U.S. Dist. LEXIS 12805 (D.N.M. 1999).

(2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. John Doe,* I-XVI, 204 F.3d 1005, 1012 (10th Cir. 2000). Under either analysis Plaintiff cannot prevail.

Discussion.

As stated previously by the Court in its Memorandum Opinion and Order dismissing Plaintiff's Complaint, the United States is immune from suit unless it consents to be used. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States consents to suit only when Congress "unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity." *United States v. Richman (In re Talbot),* 124 F.3d 1201, 1206 (10th Cir. 1997) *(citing United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). Plaintiff bears the burden of showing that a waiver of sovereign immunity exists for the action brought. *Aragon v. U.S*., 146 F.3d 819, 823 (10th Cir. 1998).

In this matter, Plaintiff chose to arbitrate his claim pursuant to §104 of the Act. The Act specifically states that:

> "An election by an injured person to settle a claim through arbitration under this paragraph shall - (i) be binding; and (ii) preclude any exercise by the injured person of the right to judicial review of a claim described in subsection (i)." Act at §104(h)(3)(C).

Similarly, the regulations implementing the Act, 44 C.F.R. § 295.42(i), provide that: "The decision of the arbitrator will be final and binding on all parties and will not be subject to any administrative or judicial review." These regulations have the force of law. Act at §104(f)(1)*; Batterton v. Francis*, 432 U.S. 416, 425 n. 9 (1977) ("Legislative, or substantive, regulations 'issued by an agency pursuant to statutory authority and which implement the statute...have the force and effect of law.'")

3

Plaintiff appears to assert that because the Act provides for judicial review in some instances, this constitutes a waiver of immunity. "Like a waiver of immunity itself, which must be unequivocally expressed [,] [the Supreme] Court has long decided that limitations and conditions upon which the Government consent to be sued must be strictly observed and exceptions are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *Block v. North Dakota*, 461 U.S. 273, 287 (1983)("When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity.")

In addition, Plaintiff relies on two cases holding that the United States waives sovereign immunity when it enters into a contract containing an arbitration clause. Such reliance is misplaced. In this matter, Plaintiff's right to arbitrate was not contractually-based but contained in the express language of the Act. The Act specifically states that if one chooses arbitration as a remedy, that election precludes any right to judicial review. In other words, the Defendant has not consented to be sued if the claimant chooses arbitration as a remedy. Thus, the Court again concludes that it is without subject matter jurisdiction.

Plaintiff presents no reason justifying that any relief should be provided under Rule 59(e) or Rule 60(b). Thus, his motion will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Memorandum Opinion and Order Dismissing Plaintiff's Complaint without Prejudice is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**